THARP v. THE STATE.

1. Upon the examination of one charged with a criminal offence, the testimony of a witness was reduced to writing, *or so much thereof*, as the committing magistrate *considered material*, the accused being present, and cross-examining the witness. The witness died, and the minutes of the examination being lost, and not being found, either in the office of the magistrate, or in the court where the indictment was pending: held, that as only so much of the testimony, as the magistrate *deemed material*, had been committed to writing, he could not be called on to prove the substance of the testimony thus reduced to writing, without also proving what was omitted to be inserted. *Quere :* was there a sufficient predicate laid for the introduction of the secondary evidence, without proving, that the magistrate had returned the paper to`the court, where the indictment was found?

2. When it is necessary to prove a guilty knowledge on the part of the accused, it is sometimes allowable to give evidence of other offences committed by him, though not charged in the indictment, as in the case of forgery, and uttering counterfeit coin.

3. When instructions to the jury actually given, are excepted to as mistaking the law, no part of the testimony need be stated, to authorize the appellate court to revise the case, upon the bill of exceptions.

Error to the Circuit Court of Barbour.    Before the Hon. Geo. D. Shortridge.

THIS was an indictment against the plaintiff in error, for uttering and publishing counterfeit coin.   At the trial, the state proved, that the prosecutor, John Hickman, had died, since his examination before the committing magistrate : that his testimony, or so much of it, as the committing magistrate thought material, was reduced to writing. by him, in the presence of the defendant, who cross-examined the prosecutor : and that the testimony, thus reduced to writing, could not be found in the circuit clerk's office, in Barbour, nor in the circuit clerk's office of Henry county, to which a former indictment from Barbour had been carried, on change of venue, and quashed, nor in the office of the committing magistrate. Upon this predicate, the state offered to prove by the committing magistrate, the contents of the testimony of the deceased

prosecutor, as reduced to writing by him, to which the defendant objected, but the court overruled the objection, and allowed the magistrate to testify. The magistrate then gave evidence of the *substance of the contents* of the written testimony of the prosecutor, both on his (the prosecutor's) direct, and cross-examination; to which the defendant excepted.

The court charged the jury, that if it was proved, that the prisoner had passed other and similar spurious coin, that the law will raise the presumption, that the prisoner knew this particular piece to be spurious coin; to which charge the defendant excepted. The several rulings of the court, and the charge to the jury, are now assigned as error.

J. E. BELSER and F. S. JACKSON, for plaintiff in error.

1. The testimony objected to by the prisoner, in the court below, was inadmissible, because there was no record of the investigating trial before the court, when he was tried. 8 Johns. 446; 11 Johns. 128.

2. The court erred, in permitting the committing magistrate, to prove the testimony of the deceased witness. This evidence, under the circumstances, was inadmissible. Trawick's Case, 4 St. Trials; 5 Rand. 708; 1 Overton, 229; 1 Halst. 434; Clay's D. 26, § 10; ib. 449, 450, § 25, 27, 33.

3. But even if the evidence of the committing magistrate was competent, still it was inadmissible, according to the matters set forth in the bill of exceptions. United States v. Wood, 3 Wash. 440; Com. v. Richards, 18 Pick. 434; Warren v. Nichols, 6 Metc. 261; Jackson v. Loude, R. M. Charl. Rep. 38.

4. The court erred in admitting evidence of a part only, of deceased witness's testimony. The magistrate should have reduced all of witness's testimony to writing, and not such parts only as the magistrate considered material, and the court might have considered the rejected portion material.

5. The court erred in charging the jury, that the law raised the presumption of the prisoner's knowledge of the spurious nature of the coin. The fact that the prisoner had passed other and similar coin, was a circumstance from which the jury might, or might not, have come to the conclusion,

that the prisoner knew the coin, for which he was indicted, was spurious.

ATTORNEY GENERAL, for the State.

1. The law makes it the duty of the magistrate to reduce to writing the testimony of a witness, in a preliminary examination, in a criminal case. Clay's Dig. sec. 27, 449.

The testimony of Hickman (the deceased witness,) was regularly and judicially taken, and reduced to writing, as required by law, and was cross examined by the prisoner. This was sufficient then to allow his testimony to be read in any subsequent trial, in case of witness's death. Bryant v. Owen, 2 S. & P. 136; 15 Johns. 539; 1 Starkie, 368.

2. The testimony thus reduced to writing, could not be found in those places where it should have been kept, or was most likely to be found, and this was sufficient to admit the secondary evidence of its contents. Sledge v. Clopton, 6 Ala. Rep. 589.

3. And in that event, it is not necessary to give the precise words. The substance is all now that is required, and the tendency of modern decisions is to relax the strictness of the rule formerly; and to go further than this, it is said, would be to exclude this sort of testimony altogether. 1 Greenl. Ev. § 165, p. 263; 1 Phil. Ev. 388; 17 Verm. 638; 11 Gill & Johns. 173; 5 Rand. 36; 6 Watts & Serg. 51; 11 S. & R. 149; 10 ib. 15. That the substance only, and not the precise words of the deceased witness's testimony is all now that is required, has been decided by our supreme court. And the reason is there said to be the necessity of the case, and to prevent a failure of justice. Gildersleeve v. Caraway, use, &c., 10 Ala. 260.

4. There is no substantial difference, between the charge of the court, in relation to the passing other spurious coin, and the true rule, as laid down by writers on criminal law. Roscoe, 69; 1 Russ. 85; 2 ib. 697. If the charge as given, was considered objectionable, it was the duty of the party against whom it was to operate, to ask an explanatory charge of the court; and if this is not done, the court will not reverse the case, if the charge was substantially correct. The

State v. Brinyea, 5 Ala. Rep. 244; The State v. Flanagin, ib. 477; Caskey v. Haviland, Riley & Co. 13 ib. 314.

5. It does not appear from the bill of exceptions, what the evidence of the magistrate was, as to the deceased witness' testimony. If the plaintiff in error was prejudiced by the testimony of the magistrate, the bill of exceptions should have shown what the evidence was: otherwise, it will be considered error in the abstract, which is no error in law. Holmes v. Gayle & Bower, 1 Ala. 519; Schuessler v. The State, 3 ib. 419 ; Minor, 399 ; McCullough v. Fleming, 4 Ohio, 388; Woodsides v. The State, 2 Howard's Miss. Rep. 662. And the charge given by the court is abstract. There was no e- vidence in relation to the prisoner's having, before that, pass- ed other spurious coin, disclosed by the bill of exceptions. The party taking the bill of exceptions, must embrace so much of the evidence on the trial, as to show that error to his prejudice has intervened. See same authorities as last cited.

6. The court will not intend that there were other facts than those stated in the bill of exceptions. Keath v. Patton, 2 Stew. 38; Pierson v. The State, 12 Ala. 149; Knapp v. McBryde, et al., 7 ib. 20; Johnson v. Ballew, adm'r, 2 Por. 32. The case is not altered by the charge being an affirma- tive one. McBryde and Wife, v. Thompson, 7 Ala. 654.

7. The objection to the magistrate's testimony was too general and undefined. The party objecting must particu- larize the ground upon which the objection is made, or the court may overrule the objection. Wallis v. Rhea & Ross, 10 Ala. 451; Snowden v. Warder, 3 Rawle, 191; Washing- ton v. Younge, 4 Miss. 564.

COLLIER, C. J.—1. It is provided by statute, that the magistrate before whom any person is brought on a charge of having committed an offence, shall, as soon as may be ex- amine the complainant, and the witnesses to support the pro- secution, on oath, in the presence of the party charged, in relation to any matters connected with such charge, which shall be deemed pertinent: *Further*, the testimony of the witnesses examined, shall be reduced to writing by the ma- gistrate, or under his direction, and shall be signed by the witnesses, if required by the magistrate. All examinations

and recognizances touching criminal offences, shall be certified by the magistrate taking the same, to the court at which the witnesses are bound to appear, on or before the first day of the sitting thereof; and if he neglect to make such return, he may be compelled by rule of court, and in case of disobedience, may be proceeded against by attachment. Clay's Dig. 449, 450, § 25, 27, 33.

The question arising under these several provisions, is, was the secondary evidence of the examination of the prosecutor, admissible on the trial of the prisoner in the circuit court? It is well settled, notwithstanding the declaration of the *magna charta* of England, and the constitutional provision of most, if not all the American states, that *in all criminal prosecutions, the accused shall be confronted with the witnesses, and have compulsory process to obtain the attendance of such as he may desire to testify for him,* that it is not *universally* essential to the admission of evidence against him, that the witnesses should be examined orally at the trial. The right thus secured to the accused, does not forbid the proof of the dying declarations of one who has been killed, against a party charged with his murder. Anthony v. The State, Meigs's Rep. 276; Woodsides v. The State, 2 How. Rep. (Miss.) 655. So, depositions taken before the examining court, in the presence of, and on cross-examination by, the prisoner; or even not in his presence, if he knew that the examination was being made, and had an opportunity, but declined to examine the witnesses, are received as evidence, if the witnesses are dead. Bostick v. The State, 3 Hump. 344; The State v. Campbell, 1 Richard. Rep. 124. See also U. S. v. Wood, 3 Wash. C. C. Rep. 440; The State v. Atkins, 1 Overt. Rep. 229; Scott v. Wilson, Cooke's Rep. 315; Rex v. Barber, 1 Root's Rep. 76; State v. Hooker, 17 Verm. Rep. 658.

It has been decided, that it is not allowable, in a criminal proceeding, to prove what a witness, who has only removed out of the jurisdiction of the court, testified on a previous trial of the same case. Finn v. The Commonwealth, 5 Rand. Rep. 701; The People v. Newman, 5 Hill's Rep. (N. Y.) 295.

In Clark v. Vorce, 15 Wend. Rep. 193, the defendant of-

fered to prove the testimony of H. a *deceased witness*, given on a former trial of the cause, and called a witness, who stated, that on the previous trial, he had acted as counsel for the defendant, and took full and particular minutes of H.'s testimony; that he intended, at the time, to take down the words of H., but could not pretend to give his precise words; that he could not swear to H.'s testimony, except from the minutes taken by him on that trial; and could not now testify that he had taken down every word of his testimony, but he intended, at the time, to take down all he regarded as material. The supreme court said, the notes of the testimony should have been received, connected with the counsel's oath as to their accuracy. "It was his intention, at the time, to take down the words of the witness—not the substance, or legal effect, of his testimony. The reason assigned in 4 Ser. & Rawle, 203, against receiving the notes of the counsel, is not applicable to this case. Here, it was the intention of the witness to take down, not the substance, but the words, of the witness. The offer, in this case, comes within the rule, as stated in Williams v. Selden, 6 Cowen, 164. The witness was ready to swear to his belief of the accuracy of his minutes, and it was his intention to take down the words of the deceased witness."

We have heretofore decided, that it is allowable to prove what a deceased witness stated on a former trial of the same cause, between the same parties; and said that it was sufficient, in such case, to state the whole of the substance of what the deceased testified, though his precise words are not recollected. Gildersleeve v. Caraway, 10 Ala. Rep. 260; Sloan v. Somers, 1 Spencer's Rep. 66; Garrott v. Johnson, 11 Gill & Johns. Rep. 173; Smith v. Natchez Steamboat Co. 1 How. Rep. (Miss.) 479; Moore v. Pearson, 6 Watts & Serg. Rep. 51. But a witness offered to prove, what was deposed to on a former trial between the same parties, by a person who is dead, must give the *substance*, not the *effect*, of the testimony. Ballenger v. Barnes, 3 Dev. Rep. 460; Bowie v. O'Neale, 5 Har. & Johns. 226; Wolf v. Wyeth, 11 Serg. & R. Rep. 149.

In the case at bar, the prosecutor died after his examination before the committing magistrate, and the magistrate

testified at the trial, that his testimony, or so much as he considered material, was reduced to writing, by him, under the statute; that the defendant was there, and cross-examined. It was also proved, that the written examination of the deceased witness, could not be found in the office of the clerk of the circuit court of Barbour, nor in the office of the clerk of the circuit court of Henry, to which a former indictment in this cause had been removed, by a change of venue: *Further*, that the written examination could not be found in the office of the committing magistrate. Upon this state of facts, the magistrate was allowed to prove the *substance of the testimony of the prosecutor thus reduced to writing by him.* We think this evidence was improperly admitted. Perhaps, the preliminary proof did not lay a sufficient predicate for the introduction of the secondary testimony. Although, as a general rule, the law presumes all public officers perform the duties devolved upon them, until the contrary appears, we incline to think, that this presumption cannot be indulged, in the present case; but it should have been shown, that the written examination was actually returned, as the statute requires, or that it could not only, not be found in the magistrate's office, but that he did not know where it was. We will not affirm that the rule should be thus rigidly applied, but if it is not, inferior evidence might be adduced, when higher is attainable. It does not appear, that the entire examination of the prosecutor was reduced to writing, but only so much as the magistrate believed to be *material*, and that he only professed to state the substance of what was written down. The statute directs *the testimony of the witnesses examined, to be reduced to writing*, not a part of it, but all, if not in their own words, at least so as to preserve, with exactness, the sense, and meaning, of the words used. It is not permissible for the magistrate to determine what portion of it is *material;* if the testimony is legal, and has been received by him, his duty is plain, and defined. If he attempts to discriminate, and omits some part of the evidence, the accused cannot be prejudiced, by having an incomplete recital of it read as evidence against him, unless, perhaps, the omitted part can be proved. The recognition of a more relaxed rule might cause the conviction of a party upon evidence, the ef-

fect of which might be materially modified, by the addition of what the magistrate deemed unimportant. If, then, the writing itself would not be admissible, without proof of the testimony not embraced by it, it follows, that secondary evidence of its contents should not be received, without proving what was omitted to be inserted in it. This conclusion seems necessarily to flow from the legal requisition that the *substance*, not the *effect*, of what the *deceased witness* testified, must be proved. Whether the part of the testimony not reduced to writing, could be proved by the justice, even if his recollection would enable him to state it, is a question not presented by the record, and we will not therefore decide it in advance. If, however, he would say, from his own recollection, that the lost writing set out all that the prosecutor deposed to, then the proof of its contents would be sufficient.

2. When it is necessary to prove "a guilty knowledge" on the part of the accused, it is sometimes allowable, to give evidence of other offences committed by him, though not charged in t he indictment. Thus, if one be indicted for uttering a forged bank-note, knowing it to be forged, it may be shown, that other forged notes were uttered by the prisoner, for the purpose of showing his knowledge of the forgery. So, upon a charge of uttering counterfeit money, proof is received, (for the same purpose,) that there was more than one uttering, of similar coin, by the party about the same time, though but one is alleged in the indictment. 2 Russ. on Crimes, 697 and citations in notes ; The State v. Robinson, 1 Harr. Rep. 507; The State v. Petty, Harper's Rep. 59 ; 4 Dev. 606.

The charge of the circuit court upon this point, affirms, that if it was proved, that the prisoner passed other and similar spurious coin, the law would raise the presumption, that the prisoner knew the coin which he was charged with having uttered, was spurious. This goes quite beyond the rule, as we have deduced it from the books. The jury were informed, that the fact of the prisoner having passed the counterfeit coin, being shown, it was *a legal presumption*, that he knew the character of the one, which the indictment charged him with having uttered. Thus assuming, as a conclusion of law, the guilty knowledge of the prisoner, merely because he

passed other similar coin which was spurions. The court invaded the appropriate functions of the jury forestalled their inquiries, as to the *scienter*, which was properly referable to them, and an indispensible element in determining the prisoner's guilt. It should have, been submitted to the jury to determine, whether upon a view of all the circumstances, the previous knowledge that the coin was not genuine, was established. The proof would be stronger or weaker, according to the circumstances, time, when, &c., under which the *other coins* were passed. All these considerations, we have seen, were excluded from the jury.

It is however, insisted for the state, that as none of the evidence is set out in the bill of exceptions, the charge of the circuit judge must be considered as abstract, and does not authorise a reversal of the judgment. This argument cannot be supported. In Peden v. Moore, 1 Stewt. & P. Rep. 71, it was said, "where an exception is taken for a refusal to instruct, the bill must embrace so much of the evidence as to show, that the instructions asked for, arose out of the cause : but where instructions actually given are excepted to as mistaking the law, no part of the testimony need be stated, to authorise the appellate court to revise the case upon the bill of exceptions : and this distinction is founded upon the presumption, that whatever is done in a court of justice, will be presumed to be legally done, until the contrary appears. This view of the law, has been followed in all our subsequent decissions, and we are still willing to adhere to it.

It follows, that the judgment of the circuit court of Barbour must be reversed and, the cause remanded. That the prisoner may be committed to the proper custody, the clerk of this court will issue a mandate, addressed to the sheriff of Barbour county, embracing therein, the judgment of this court, ordering him to demand the prisoner of the warden, or lessee, of the penitentiary, and requiring the warden, or lessee, to deliver the prisoner to said sheriff, upon being furnished with a copy of the mandate, and a receipt at the foot thereof, acknowledging such delivery : and commanding the said sheriff, to transfer the prisoner to the jail of his county, for safe keeping, until he shall be discharged by due course of law, or regularly removed to some other place of trial, or confinement.