# West *v.* The State.

## *Larceny.*

(Decided April 10, 1913. 62 South. 290.)

1. *Trial; Reception of Evidence; Objection.*—Where a witness had testified to circumstances tending to identify certain hides which had been sent in a trunk to G. with those recently disappeared from the depot platform, and that defendant shortly before got a check to put on his trunk himself, saying that it was at some distance from the station, a general objection to a question asked the witness whether he saw the trunk after it came back, did not raise the objection that the question called for an inference or conclusion of the witness, that the trunk which came back was the same one for which defendant got a check; nor was such question so palpably inadmissible as to require the sustaining of a general objection thereto.

10 CA

2. *Evidence; Testimony on Former Trial; Proof of.*—One who did not know whether he had heard all of the testimony of a deceased witness given on a former trial was not in position to testify to so much of such witness's testimony as he heard, the rule being that it must appear that the witness is capable of disclosing at least the substance of the deceased witness's testimony, so far as it related to the particular subject with reference to which it is sought to be introduced.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Will West was convicted of larceny and he appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant. The record fails to show a proper submission of the cause.—1 Freeman on Judgments, sec. 50-D. The witness could only express an opinion that the hides he got were the hides taken from the depot.—*Walker v. The State,* 58 Ala. 393; *Mitchell v. The State,* 94 Ala. 68. The court erred in permitting the witness to say that he saw the trunk come back.—*Mann v. The State,* 134 Ala. 1; *Anniston v. Ivey,* 151 Ala. 392; 1 Wig. on Evi., secs. 657-59. No proper predicate was laid for the introduction of evidence given on a former trial by a deceased witness.—106 Ala. 74; 86 Ala. 47; 86 Ala. 617; 87 Ala. 30; 92 Ala. 41; 96 Ala. 51; 1 Elliott on Evid. secs. 495-506; 1 Greenl. 163-A; *Clealand v. Hill,* 18 Ala. 343.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Many of the objections to evidence were settled adversely to appellant's contention in *West v. The State,* 168 Ala. 1. The court properly admitted the testimony of a deceased witness given on a former trial.—3 Wig. sec. 299; *Davis v. The State,* 17 Ala. 354; *Clealand v. Huey,* 18 Ala. 343; *Thompson v. The State,* 106 Ala. 67. The

matter of a predicate is within the sound discretion of the trial court, and that it is the same trial may be shown by parol evidence.—*Lett v. The State,* 124 Ala. 64.

WALKER, P. J.—Some of the questions presented on this appeal may be disposed of by a reference to the opinion rendered on a former appeal in the same case. —*West v. State,* 168 Ala. 1, 53 South. 277. A repetition of what was there said, so far as it is applicable to the evidence set out in the present record, is not deemed necessary.

The state's witness Landsden, after testifying to circumstances tending to identify certain hides sent in a trunk by express to Guntersville, as some which had recently disappeared from the depot platform at that place, and to the circumstance of the defendant buying a ticket for Huntsville a few days before and getting a baggage check to carry and put on himself, saying that his trunk was at the river—some distance from the depot in the direction of Huntsville—was asked: "Did you see the trunk after it came back?" The court cannot be charged with error for not sustaining the general objection made by the defendant to this question. It is suggested in argument that the question was subject to objection as calling for an inference or conclusion of the witness that the trunk which came back with the hides in it was the same trunk for which the defendant got a check, but which the witness did not see at that time. No such ground of objection was called to the attention of the court. The testimony that might be elicited by the question was not so palpably inadmissible as to put the court under a duty to sustain a general objection to it. The defendant should have specified the objectionable feature of the question.—*Wil-*

*liams v. Anniston Electric & Gas Co.*, 164 Ala. 84, 51 South. 385.

A question to W. B. Watson, a witness for the state, requesting him to tell the jury the substance of the testimony of Will Stearnes on a former trial of this case, was preceded by evidence of the death of said Stearnes after the former trial and by statements of the witness Watson to the effect that he, Watson, was a deputy sheriff; that he had known Will Stearnes; that he was in the courtroom a part of the time when Stearnes was examined as a witness in this case when it was tried before; and that he could not say that he heard all of that testimony or that he did not hear all of it. Over the objection of the defendant, upon the ground, among others, that a sufficient predicate had not been laid for the admission of the evidence called for, the witness was permitted to answer the above-mentioned question. Exceptions were reserved to this ruling of the court and to its action in overruling the defendant's motion, made when the answer to the question was concluded, to exclude such answer, and also to its action in overruling a similar motion made after the witness had stated on his cross-examination that he could not say that he heard all of the testimony of Stearnes; that he, Watson, was generally busy while witnesses were testifying, and was generally passing in and out of the courtroom during such time.

It is a matter of common experience for statements made by a witness at one stage of his examination to be modified or indeed the effect of them to be impaired or wholly destroyed by what may be elicited from him in other stages of his examination. There can be no assurance at all that the substance of the testimony as it was given by the deceased witness as to any matter in reference to which he was examined is reproduced if

the person who undertakes to recite it claims no more than that he was present during part of the time when the deceased witness was undergoing examination. The recital of the testimony of the deceased witness as deposed to by such a person may be as incomplete, garbled, and misleading as would be the version of it given by one who deliberately suppresses, or withholds portions of it material to the matter in issue. It cannot be said to be a repetition of testimony given in a former trial, as it is not shown to be more than a fragment of such testimony. To permit such a narrative of the testimony of a deceased witness to be given in a trial on a criminal charge would expose the party against whom it is offered to a conviction upon evidence the effect of which may have been materially modified by an omitted part of the testimony as it actually was given.—*Tharp v. State,* 15 Ala. 749. In reference to the qualifications of a person who is offered as a witness to prove the testimony of a witness since deceased, the following statement is made in the note to the case of *Atchison, etc., R. R. Co. v. Osborn,* 91 Am. St. Rep. 189, 205: "It is, however, essential that the witness called to give the testimony of a witness since deceased upon a former trial must be able to state the substance of the whole of the latter's testimony on the particular subject which he is called to prove. This must include the cross-examination of the deceased witness as well as his direct examination; and, if the witness can testify only to what was sworn to by the deceased person in his examination in chief, without giving the cross-examination, it cannot be received in evidence. * * * The rule is clearly stated in *Summons v. State,* 5 Ohio St. 326, that it is not essential to the competency of such evidence that it be given in the exact words of the deceased person; but, while the witness is allowed to give

the substance of the statements of the deceased person
on the former trial, he is not allowed the latitude of
giving their mere effect, and it is essential to the com-
petency of the witness called to give this kind of evi-
dence: (1) That he heard the deceased person testify
on the former trial; and (2) that he has such an accu-
rate recollection of the matter stated that he will, on his
oath, assume or undertake to narrate in substance the
whole matter sworn to by the deceased witness, in all
its material parts, or that part whereof he may be called
upon to prove." This statement is in harmony with the
rulings on the subject which have been made in this
state.—*Thompson et al. v. State,* 106 Ala. 67, 75, 17
South. 512; *Gildersleeve v. Caraway,* 10 Ala. 260, 44
Am. Dec. 485; *Tharp v. State,* 15 Ala. 749; *Davis v.
State,* 17 Ala. 354; *Magee v. Doe ex dem., etc.,* 22 Ala.
699; *Clealand v. Huey,* 18 Ala. 343. When a party to
a cause proposes in the trial of it to adduce testimony
given in a former trial by a witness since deceased, it
is incumbent upon him to make it appear that the
agency by which this is proposed to be done is one
capable of disclosing at least the substance of that testi-
mony so far as it related to the particular subject in
reference to which it is sought to be reproduced. It is
for the court to see to it that this preliminary require-
ment is complied with. A proper predicate for the in-
troduction of such evidence is not laid when no more
is shown than that the witness offered vouches for the
substantial accuracy of his recital of so much only of
the former testimony as was given in his presence, he
not claiming that he heard all of it, and not being in a
position to sustain a claim that he can give the entire
substance of what the deceased witness swore to on any
subject in reference to which he was examined. It fol-
lows that the court was in error in overruling the above

[Bozeman v. The State.]

mentioned objections to the testimony of the witness Watson. A similar error was committed in permitting, over the defendant's objections, the witness Stallings to testify in reference to the same matter.

Other questions presented for review need not be passed on, as they may not arise in another trial.

Reversed and remanded.