(91 South. 328)

## CLARK v. STATE. (4 Div. 692.)

(Court of Appeals of Alabama. May 10, 1921. Rehearing Denied June 21, 1921.)

**1. Criminal law ⬅➡364(2)—Evidence that defendant had pistol concealed just before shooting admitted as part of res gestæ.**

Where, in a prosecution for murder, the state showed that defendant just before the shooting had his pistol concealed, the defendant objecting that this testimony invoked Code 1907, § 7086, which makes it murder in the second degree where the killing in a sudden rencounter is caused by the use of a deadly weapon previously concealed, his adversary having no weapon drawn, the evidence was competent as part of the res gestæ.

**2. Criminal law ⬅➡1137(5)—Defendant cannot complain of admission of evidence when himself testifying to same facts.**

In a prosecution for murder, where defendant testified that he had not shown his pistol up to the time he shot, he cannot complain that the state was permitted to show that just before the shooting he had his pistol concealed.

**3. Criminal law ⬅➡695(2), 696(4)—General objection and motion to exclude insufficient.**

Where the objections to a question are general, and motion to exclude the answer is predicated on general grounds, they are considered insufficient.

**4. Homicide ⬅➡157(1)—Evidence of ill will toward deceased admissible.**

In a murder prosecution, evidence that the defendant entertained ill will toward the deceased is admissible.

**5. Criminal law ⬅➡695(6)—General objection unavailing unless all evidence is inadmissible.**

A mere general objection is unavailing unless all of the conversation objected to is inadmissible.

**6. Homicide ⬅➡338(1)—Admission of evidence held not prejudicial.**

Although grounds of objection to questions asked in a murder prosecution were good, the overruling of such objection resulted in no injury to defendant where the answer revealed a declaration by defendant in the nature of a threat against deceased.

**7. Homicide ⬅➡158(1), 160—Threats and conduct tending to show preparation for crime admissible.**

Threats or statements in the nature of threats tending to show preparation, or even

---

the conduct of accused at or near the time or place of the crime, are admissible.

**8. Criminal law ⊛═⇒696(5)—Questions unobjected' to until answered not stricken on motion.**

Where no objection was made to a question until it had been answered, the answer will not be stricken on motion.

**9. Homicide ⊛═⇒160—Evidence of defendant's possession of pistol admissible.**

In a murder prosecution, it 'was proper to show that on the day of the shooting defendant was looking at a pistol on the porch of his house.

**10. Criminal law ⊛═⇒695(6)—Evidence admissible in part should be specifically objected to.**

If portions of testimony are objectionable, they should be pointed out and specifically objected to.

**11. Criminal law ⊛═⇒470—Expert could give opinion as to range of shot, but not as to position of parties when shot was fired.**

In a prosecution for murder, an expert could not give his opinion as to the relative positions of defendant and deceased at the time of shooting, but could testify as to the range of the shot; the conclusion as to the position of the parties when the shot was fired being for the jury. ·

**12. Witnesses ⊛═⇒236(1)—Question based on misapprehension of counsel held not· erroneous.**

There was no merit in objection to a question asked by the solicitor as to whether a witness told defendant what she had heard, the question having reference to a conversation witness detailed as having taken place that day between deceased and defendant, wherein deceased said he would get defendant before night; the threat having been made directly by deceased to defendant, and the solicitor evidently laboring under a misapprehension when he asked such question.

**13. Criminal law ⊛═⇒763, 764(7), 811(4) — Homicide ⊛═⇒276—Instruction declaring law if jury' believes evidence, and giving undue prominence to testimony, properly refused; question of aggression is for the jury.**

In prosecution for murder, defendant's requested charge that "The court charges the jury that, if you believe the ·evidence in this case, the defendant ǀwas free from fault in bringing on the difficulty," was properly refused, as it was for the jury to say which party was at fault, and the charge giving undue prominence to a portion of the testimony.

**14. Homicide ⊛═⇒116(4), 300(3, 7)—Instruction on self-defense held insufficient, and not based on evidence; rule as to self-defense stated.**

In a prosecution for murder,-an instruction that, if, at the time defendant killed deceased, there reasonably appeared no reasonable avenue of escape, and defendant had· just apprehension that he was in danger of suffering great bodily harm, and was free from fault in bringing on the difficulty, jury should acquit, was properly refused as not based on the evidence,

and insufficient, as deceased must be in a position of actual peril, or in such position that a reasonable man so situated would have believed himself to be in such danger, and must have honestly believed he was in such danger.

**15. Criminal law ⊛═⇒829(5) — Requested instructions on self-defense properly refused where covered by charge given.**

Requested instructions on self-defense were properly refused to the defendant where they were covered by the court's oral charge.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Will Clark was convicted of murder in the second degree, and he appealed. Affirmed.

Certiorari denied 207 Ala. 710, 91 South. 921.

The following are charges refused:

B. The court charges the jury that, if you believe the evidence in this case, the defendant was free from fault. in bringing on the difficulty.

G. If, at the time the defendant fired the fatal shot and killed Ballard, then reasonably appeared to the defendant no reasonable avenue of escape, and at said time the defendant had just apprehension that he was in danger of suffering great bodily harm, and was free from fault in bringing on the difficulty, the jury should acquit the defendant.

W. O. Mulkey, of Geneva, and Farmer, Merrill & Farmer, of Dothan, for appellant.

The court erred in permitting the state to prove a case under section 7086, Code 1907, as this section was without application. 96 Ala. 69, 11 South. 121. The court erred in allowing proof of the details of the*former difficulty. 76 Ala. 18; 74 Ala. 9; 2 Ala. App. 47, 56 South. 751. The conversation between the deceased and the defendant was not admissible. 128 Ala. 25, 29 South. 569. General objections are good, if the evidence is illegal on its face. 40 Ala. 357; 154 Ala. 48, 45 South. 656; 143 Ala. 28, 38 South. 919; 117 Ala. 140, 23 South. 653.

Harwell G. Davis, Atty. Gen., and Lamar · Field, Asst. Atty. Gen., for the State.

The testimony of the defendant cured any error in the evidence as to the pistol being concealed. 4 Michie's Ala. Dig. 776. Unless all the conversation was inadmissible, there was no error in overruling the objections. 13 Michie's Ala. Dig. 718; 14 Id. 94. There was no error in admitting the evidence of the physician. 8 Ala. App. 46, 62 South. 977.

MERRITT, J. The appellant was indicted for murder in the first degree, was convicted of murder in the second degree, and sentenced to the penitentiary for a term of 15 years.

[1, 2] In the examination of several witnesses, the solicitor, over the objection of the defendant, was permitted to show that

the defendant just before the shooting had his pistol concealed, and that it was not open to view. The objections made to these questions were general, and motions to exclude the answer were predicated on general grounds. The appellant insists that by this testimony the state invoked the provisions of section 7086 of the Code, which makes it murder in the second degree where the killing in any sudden rencounter or affray is caused by the assailant by the use of a deadly weapon which was concealed before the commencement of the fight, his adversary having no deadly weapon drawn. There is nothing in the record to indicate that such was the intention of the state in eliciting such testimony, and, whether the state was seeking to have a conviction under either of the offenses embraced in the indictment, it was competent to show the facts above enumerated as a part of the res gestæ. There is nothing in the court's oral charge or the given or refused charges which indicates that this section of the Code, or the aspect of the case as now presented, was even called to the attention of the court, jury, or any one connected with the trial of the case. Moreover the defendant testified without objection when being examined in his own behalf that he had not shown his pistol up to the time he shot, and he cannot complain of the improper admission of testimony where he himself testified to the same facts. Swain v. State, 8 Ala. App. 26, 62 South. 446; Ragland v. State. 178 Ala. 59, 59 South. 637; Chestnut v. State, 7 Ala. App. 72, 61 South. 609; 4 Michie Dig. p. 575.

[3] On redirect examination the witness Howard Andrews stated that he had a conversation with the defendant on Friday morning before the shooting on Saturday. The solicitor then asked the witness: "What did he tell you?" Over the objection of the defendant the witness answered he was up at Ballard's (deceased's) the night before to see him about some cows, and they got up a row, and Ballard jumped at him, and took his gun away from him, and told him he would wear him out if he didn't go on and leave him alone; that Ballard could not come down there that morning and do him that way again. It is sufficient to say in regard to the objections and motion to exclude the answer that they were general objections, and as such insufficient.

[4-7] That the defendant entertained ill will towards the deceased, and made a threat against deceased, was admissible, and a mere general objection is unavailing unless all of the conversation was inadmissible. Roden v. State, 13 Ala. App. 105, 69 South. 366; West v. State, 7 Ala. App. 145, 62 South. 290, 13 Michie, p. 718. Moreover, if the grounds of objection were good, the answer reveals a declaration made by the defendant in the nature of a threat against deceased, and

therefore no injury resulted to the defendant. Wilson v. State, 110 Ala. 1, 20 South. 415; Wilson v. State, 140 Ala. 43, 37 South. 93. Threats or statements in the nature of threats, tending to show preparation for crime, or even the conduct of accused at or near the time or place of the crime, are admissible in evidence. Davis v. State, 126 Ala. 44, 28 South. 617.

[8] After the witness Gilley had testified the defendant made a motion to exclude his testimony. Where no objection is made to the question until it has been answered, the defendant is not entitled to have the answer stricken on motion. Malone v. State, 16 Ala. App. 185, 76 South. 469; Machen v. State, 16 Ala. App. 170, 76 South. 407; Rivers v. State, 13 Ala. App. 362, 69 South. 387; 13 Michie Dig. p. 720.

[9, 10] Besides a portion of the testimony was admissible. It was proper to show, as testified to by the witness, that on the day of the shooting defendant was looking at a pistol on the porch of his house, and, if portions of the testimony were objectionable, they should have been pointed out, and specifically objected to, and not made the grounds of general objections, as was the case in this instance.

[11] There was no error in refusing to allow the witness Dr. Smith to give his opinion as to the relative positions of the defendant and deceased at the time the fatal shot was fired. As an expert he could give his opinion as to the range of the shot; but the conclusion as to the position of the parties when it was fired was a matter for the jury to draw from all the facts in the case. Rigell v. State, 8 Ala. App. 46, 62 South. 977.

[12] There was no merit in the objection made to the question asked by the solicitor to the witness Mrs. Clark as to whether she told defendant what she had heard, the question having reference to a conversation witness had detailed as having taken place that day between deceased and defendant, wherein deceased said he would get defendant before night. The threat having been made directly by deceased to defendant, the solicitor was no doubt laboring under a misapprehension when he asked the witness if she had told defendant about it.

[13] Written charge B was properly refused. It was clearly the province of the jury to say from all the evidence which party was at fault in bringing on the difficulty. Moreover the charge singles out and gives undue prominence to a portion of the testimony.

[14] Written charge G was properly refused. Its meaning is obscured by the use of the word "then" where it was no doubt intended to use the word "there," and, even with this correction, it would be faulty, in that it is not based upon the evidence. Moreover, "just apprehension that he was in dan-

ger of suffering great bodily harm," as hypothesized in this charge, is not sufficient. He must be in a position of actual peril, or in such position that a reasonable man so situated would have believed himself to be in such danger, and must have honestly believed he was in such danger.

[15] The other charges refused to the defendant bear on the doctrine of self-defense, and were fully and fairly covered by the court's oral charge.

In addition to the propositions insisted upon by counsel in their brief, we have considered every objection and exception taken, and we find no merit in any of these.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.