(96 South. 198)

BREWER v. STATE.　(8 Div. 479.)

(Supreme Court of Alabama.　Jan. 11, 1923.
Rehearings Denied Feb. 1, 1923,
and May 10, 1923.)

**1. Criminal law ⬉897(1)—Requiring defendant to plead to indictment before plea of abatement disposed of held not error available to him.**

Where defendant had filed a plea in abatement, it was not reversible error, available to defendant, that he was required to plead to the indictment before the issue on the plea of abatement was disposed of, it appearing that, upon issue being joined on the plea, the jury returned a verdict in favor of the state pursuant to agreement of defendant.

**2. Witnesses ⬉287(4)—Refusing to allow defendant to go into particulars of difficulty between witness and deceased, as bearing on character, held not error.**

Where, in a murder prosecution, a witness testified to the bad character of deceased for peace and quiet, and on cross-examination that he had had trouble with him, it was not error to refuse to allow defendant, on redirect examination, to go into the particulars of such difficulty, and to inquire as to who was responsible therefor.

**3. Criminal law ⬉1169(1)—Testimony that defendant kept pistol at house of witness held not prejudicial error.**

In a prosecution for murder, where defendant had shown that he had a pistol at witness' house two weeks before the homicide, it was not prejudicial error to permit the state to inquire as to whether defendant kept the pistol at the house of such witness while residing there.

**4. Homicide ⬉293—Charge that it was immaterial that defendant previously had carried pistol properly refused.**

In a prosecution for murder, a charge that it was immaterial that defendant had, on previous occasions, carried a pistol about his person, was properly refused.

**5. Homicide ⬉174(7)—Evidence of search by sheriff held proper as tending to show flight.**

In a prosecution for murder taking place on Monday, evidence by the sheriff that defendant surrendered on Saturday following, and on cross-examination he had made search in the community for him, held proper as tending to show flight.

**6. Witnesses ⬉396(2)—Rebuttal evidence as to entire conversation held proper to meet contradictory statements as to parts thereof.**

In a prosecution for murder, where a witness testified to contradictory statements made by an eyewitness as to what was said between the parties at the time of the difficulty, it was not error to admit evidence in rebuttal relative to the entire conversation.

**7. Criminal law ⬉720(9)—Statements by solicitor as to reputation of deceased held not ground for reversal.**

In a prosecution for murder, a statement by the solicitor in argument that it was claimed that deceased was a man of bad character for peace, but that there was no evidence that he had ever hit a man in his life, held not to disclose ground for reversal.

**8. Homicide ⬉293—Charge that defendant could not introduce evidence that deceased had assaulted any one prior to difficulty properly refused.**

In a prosecution for murder, it was not error to refuse a charge that it was not permissible for defendant to introduce evidence that deceased had struck or assaulted any one prior to the occasion of the difficulty.

**9. Criminal law ⬉1173(3)—Refusal of charges applicable to murder in first degree not prejudicial, where conviction of murder in second degree returned.**

In a prosecution for murder, where conviction in the second degree was returned, refusal of charges relating to the question of lying in wait could not have prejudiced defendant.

**10. Criminal law ⬉776(7)—Charge that truthfulness was only aspect of defendant's character concerning jury properly refused, in view of evidence.**

In a prosecution for murder, where there was evidence by at least one witness of the general bad character of defendant, it was not error to refuse a charge that the only aspect of defendant's character with which the jury was concerned was his character for truthfulness.

**11. Criminal law ⬉776(7)—Charge as to character of deceased held properly refused as being argumentative.**

In a prosecution for murder, a charge that the only aspect of defendant's character with which the jury was concerned was his character for truthfulness, "and if this aspect of his character is good then that his character may not have been just what it should be in other respects would be immaterial," was properly refused as being argumentative.

**12. Criminal law ⬉757(2), 785(10), 813—Charge as to credibility of witnesses properly refused as argumentative, abstract, and invasive of province of jury.**

In a prosecution for murder, a charge that, in weighing the testimony of any witness, the jury might consider in the light of common knowledge and experience the witness' opportunity to accurately see, hear, or know the facts about which he testified, and to allow for such things as excitement at the time, interest if any of the witnesses, and the ordinary defects of sight or hearing of any of the witnesses, and that, before the jury should convict a defendant on trial for his life or liberty, the jury should have no reasonable doubt as to his

guilt as charged, *held* properly refused as argumentative, invasive of the province of the jury, and abstract.

**13. Criminal law ☞829(1)—Charges covered by charges already given, properly refused.**

It is not error, in a criminal case, to refuse charges covered by charges already given.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

James Brewer was convicted of murder in the second degree and appeals. Affirmed.

The motion to quash the venire was upon the ground that the box from which the names of the jurors were drawn was not limited to persons residing in the territorial jurisdiction of the Guntersville division of the Marshall county circuit court.

Charges 3, 5, 6, and 7, refused to defendant, read:

"3. The court charges the jury that it was not permissible for defendant to introduce evidence that deceased had struck or assaulted any one prior to the occasion of this difficulty.

"5. The court charges the jury that it is immaterial to this case that defendant had, on previous occasions, carried a pistol about his person.

"6. The court charges the jury that the only aspect of defendant's character with which you are concerned is his character for truthfulness, and, if this aspect of his character is good, then that his character may not have been just what it should be in other respects, would be immaterial.

"7. In weighing the testimony of any witness, you have a right and it is your duty to consider, in the light of your common knowledge and experience, his opportunity to accurately see, hear, or know the facts about which he testifies, and you may allow for such things as excitement at the time, interest if any of the witnesses, and the ordinary defects of the senses of sight or hearing of any of the witnesses, and, before a jury should convict a defendant who is on trial for his life or liberty, the jury must have no reasonable doubt as to his guilt as charged in the indictment."

In his argument to the jury, the solicitor made this remark, to which defendant objected:

"It is claimed that the deceased, Haas, was a man of bad character for peace, but, gentlemen of the jury, there is no evidence that Haas ever hit a man in his life."

Street & Bradford, of Guntersville, for appellant.

The venire of the petit jury was not legally drawn, and motion to quash should have been sustained. Kuykendall v. State, 16 Ala. App. 197, 76 South. 487. That defendant had his pistol while staying at Hardin's house was incompetent, and should not have been admitted in evidence. McNaron v. State, 7 Ala. App. 170, 62 South. 302; Clarke v. State, 78 Ala.

474, 56 Am. Rep. 45. The statement by the sheriff that he had been making search for the defendant was incompetent. McMunn v. State, 113 Ala. 86, 21 South. 418. When one party offers a part of a conversation, so much of the conversation as is relevant to that offered may be received from the other party; but parts of the conversation, wholly disconnected with that offered, cannot be brought in. 40 Cyc. 2751; Ford v. State, 41 Tex. Cr. R. 1, 51 S. W. 935, 53 S. W. 869. The remark of the solicitor was objectionable, as a criticism of defendant's counsel for not having proved what would have been inadmissible. 38 Cyc. 1491; Shawnee v. Sparks, 26 Okl. 665, 110 Pac. 884, L. R. A. 1918D, 1; People v. Fielding, 158 N. Y. 542, 53 N. E. 497, 46 L. R. A. 661, 70 Am. St. Rep. 495; McAdory v. State, 62 Ala. 154.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion to quash the venire was properly overruled. Lang v. State, 18 Ala. App. 88, 89 South. 164; Ex parte Lang, 206 Ala. 58, 89 South. 166. Counsel discuss other points, but without citing authorities.

GARDNER, J. Appellant was convicted of murder in the second degree, and his punishment fixed at imprisonment for 25 years.

Defendant moved to quash the venire. Aside from a consideration of the manner in which the question was presented, there is no merit in the proposition set forth in the motion as decided in the case of Lang v. State, 18 Ala. App. 88, 89 South. 164, reviewed by this court in Lang v. State, 206 Ala. 58, 89 South. 166.

[1] Defendant also filed a plea in abatement upon which the state took issue. The court set the case for trial upon the issue thus presented, and also upon plea of not guilty, and defendant objected to being arraigned and required to plead to the indictment, before the issue upon the plea in abatement was disposed of. It is insisted this was irregular and reversible error, citing Allen v. State, 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867. We are of the opinion, however, that such irregularity cannot avail defendant on this appeal, as the record discloses that, upon issue being joined on the plea in abatement, the jury rendered a verdict in favor of the state pursuant to agreement of the defendant, and it thus appears the plea was confessedly without merit.

[2] Witness Martin, for the defense, testified to the bad character of deceased for peace and quiet, and testified on cross-examination that he had had trouble with him. We see no reversible error in the action of the court in declining to allow defendant, on redirect examination, to go into the par-

ticulars of such difficulty and inquiring as to who was responsible therefor.

[3, 4] Defendant had shown, by his witnesses Alfred Hardin and wife, that he had his pistol at Hardin's house while working there, and had some negotiations with Hardin about trading it for a gun. While this was some two weeks before· deceased was shot, yet, in view of the uncontradicted testimony·of defendant's witnesses in regard to the matter introduced, it seems at the instance of defendant, no prejudicial error is shown in the action of the court overruling objection of defendant to question by the state as to whether or not he kept his pistol at Hardin's while there. The case of Clarke v. State, 78 Ala. 474, 56 Am. Rep. 45, is readily distinguishable. Charge 5, relating to this matter, was properly refused.

Deceased was killed on Monday, August 8, 1921, and the defendant introduced the sheriff of Marshall county, who testified of the defendant's surrender on the Saturday following, and also that he examined his person and found some bruises thereon. Upon cross-examination of this witness, the state was permitted, over defendant's objection, to ask the witness whether or not he had made search in the community around there for the defendant, to which the witness replied in the affirmative, stating that he had looked for him.

[5] The evidence thus elicited on cross-examination was proper as tending to show flight. The case of McMunn v. State, 113 Ala. 86, 21 South. 418, cited by counsel for appellant, does not militate against this conclusion.

[6] One Albert Foster was an eyewitness to the shooting, and testified as to the details thereof. The defendant introduced one Rice, who testified as to hearing a conversation by Foster as he passed the house of Haas the day he was killed, contradictory of Foster's testimony as to what was said between the parties at the time of the difficulty. The state, in rebuttal, offered the testimony of one Oliver Smith, who, the evidence tends to show, was present at the time of the conversation by Foster, testified to by the witness Rice. Smith's testimony was contradictory as to that of Rice as to what was said by Foster, and he was permitted to state all that was said by Foster on that occasion. The defendant having offered proof as to part of this conversation, we think there was no error in permitting the state to prove all that was said by Foster at that time—all of which bore relation to the question of this homicide. 40 Cyc. 2753.

[7, 8] The statement of the solicitor in his argument, to which objection was overruled, has been examined, and we find nothing therein calling for reversal of the cause. Nor was there error in the refusal of charge 3.

[9] Charges 2 and 11, refused defendant,

related to the question of "lying in wait," which only has bearing upon murder in the first degree. As defendant's conviction of murder in the second degree operated as an acquittal of first degree murder, a consideration of these charges is unnecessary, as in no event could their refusal be held as of prejudicial effect upon defendant.

[10, 11] There was evidence by at least one witness of the general bad character of the defendant. Charge 6 was therefore properly refused, and was also argumentative.

[12] Refused charge 7 was argumentative as well as invasive of the province of the jury, and in part abstract.

[13] The principle sought to be stated in refused charge 8 was not only covered by the general oral charge of the court but also by given charge 26. So also the principle as to self-defense, sought to be presented in refused charge 13, was embraced within given charge 30 as well as the court's oral charge.

Upon a careful consideration of the questions presented upon this appeal, we are persuaded that no reversible error appears, and the judgment of conviction will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.