(121 So. 698)

**VINTSON v. STATE.**   (6 Div. 509.)

Court of Appeals of Alabama.   Jan. 15, 1929.

Rehearing Denied Feb. 12, 1929.

J. M. Pennington, of Jasper, and Leo H. Pou, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

52

RICE, J. Appellant was convicted of the offense of manslaughter in the first degree, and given a sentence to serve imprisonment in the penitentiary for a term of eight years.

This is the second appeal in the case. The decision and opinion in the first are found reported in 115 So. 695.[1] As the testimony on the second trial was not substantially different from that on the first, we adopt the statement of the circumstances, shown by the evidence, surrounding the killing, made by us in the opinion on the first appeal, supra.

■■ "Acts or declarations, to be admissible under the principle of res gestæ, must be substantially contemporaneous with the main fact under consideration, and so closely connected with it as to illustrate its character." Dudley v. State, 185 Ala. 27, 64 So. 309. It follows then that if acts or declarations are substantially contemporaneous with the main fact under consideration, and so closely connected with it as to illustrate its character, they are admissible, or, rather, testimony concerning them is, under the principle referred to. There was therefore, in this case, no error in allowing the proof that immediately upon the cessation of firing (of their guns) between appellant and Jess Clark, and while they were both on the scene of battle, Ike Snider, who was discovered to be wounded, was, by the witnesses, removed from the porch, where he was sitting, to the inside of the house, where, shortly thereafter, he died. And then, besides, we do not see how this testimony could have, possibly, worked any prejudice to appellant's rights.

■ There was no error in allowing the state's witness to testify that, after the shooting, he had measured the distances, obtaining while the shooting was going on, between the parties, and objects, involved. All the matters testified about were submitted to the jury, fairly, for their solution and decision.

■ Whatever else might be said in support of the trial court's ruling, denying the witness James Snider the opportunity of stating what the witness Batson (shown to have removed from the state of Alabama) testified to on the former trial of the case, it is sufficient to here point out that the witness (James Snider) was not shown to be qualified, under the rule laid down by this court in the case

of West v. State, 7 Ala. App. 145, 62 So. 290, to give the testimony called for by the questions put to him.

■■ Testimony as to the physical condition of the appellant at the time of the shooting—whether drunk or sober—was admissible as a part of the res gestæ. Likewise evidence on this subject was proper to be considered in weighing appellant's testimony while testifying as a witness in his own behalf. The theory being that, if he were drunk while the events were transpiring, his later account of such events would not be as accurate or reliable as it would be if he had been sober.

■ There being in this case testimony—properly admitted, as we have shown—that appellant was drunk at the time of the shooting, and this testimony being contradicted by him, it was not error to allow the state, in rebuttal, to introduce testimony to the effect that at a place not more than one-half a mile away from the scene of the tragedy, and at a time not more than 20 minutes prior thereto, and while appellant was going in the direction of the place where the killing occurred, he "seemed to be drinking," or that he "appeared to be intoxicated." The testimony, being of matters in such close proximity, both in point of time and space, to the actual occurrences out of which came the death of deceased at the hands of appellant, it appears, and we hold, that it was relevant as illustrating the probable physical condition of appellant at the time of such occurrences. The testimony here under consideration is easily distinguishable from that condemned on the former appeal.

A very large number of witnesses were examined, both on behalf of the state, and the defendant. Fullest latitude was allowed, by the court, to each side, to bring out and present to the jury relevant facts thought to be to its advantage. The law was clearly, correctly, and fully given to the jury trying the case, both in the trial court's oral charge, and in the large number of written charges given at appellant's request. Two juries have now passed upon the guilt or innocence of the defendant, and each of them have convicted him.

We have searched the record carefully for prejudicial error, but have found none. The judgment appealed from ought to be, and is, affirmed.

Affirmed.

[1] 22 Ala. App. 338.