197 So. 363

## KEY v. STATE.

### 2 Div. 155.

Supreme Court of Alabama.

Dec. 14, 1939.

Rehearing Denied Jan. 25, 1940.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for petitioner.

Geo. O. Miller, of Livingston, opposed.

BROWN, Justice.

Under repeated rulings by this court it was permissible, after the defendant on cross-examination of the State's witness has brought out part of a transaction or conversation, for the State to show the entire transaction or conversation. Richardson v. State, 237 Ala. 11, 186 So. 580; Wesson v. State, 238 Ala. 399, 191 So. 249.

In Shamberger v. State, 221 Ala. 538, 130 So. 70, 71, after the State's witness had testified that: "Dan Shamberger, and his brother Horace, with threats against his life, commandeered * * * him and Morris Chaney, * * * took them to the site of an old sawmill on the margin of an 1,800-acre swamp, where they saw the body of deceased, freshly slain, lying on the ground; that they covered the body with sawdust and little 'chunkins'; that in the night of the same day witness and Morris Chaney were required to place the body on a truck and go with it to a tree top * * * that part of the swamp which belonged to defendant and which was 'posted,' where they deposited the body, covering it with leaves; that on the night of Thursday, the 7th, they (the negroes) were required to assist in the removal of the body to Ticabum creek, about one-half a mile away, into which, with weights attached, it was thrown."

The solicitor was then, over defendant's objections, allowed to show that the witness pointed out to the deputy sheriff and the solicitor the several places where the

body was placed and where it was finally weighted and thrown into the creek. This, of course, was but an effort of the State to bolster the testimony of its own witness by hearsay, which on the authority of Green v. State, 96 Ala. 29, 11 So. 478, the court held to be error.

Under the well settled rule first above stated the court did not commit error in overruling defendant's objections to the testimony of the witness Upchurch, and the Court of Appeals erred in reversing the judgment.

The writ is granted; the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Writ granted; reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.