Sanford B. Powell, one of the plaintiffs, is the owner of a Studebaker automobile which was damaged when it came into contact with a taxicab operated by George Blanchard on So. Claiborne Avenue, a short distance above Carrollton Avenue at about 5 o'clock in the morning on January 12th, 1944. Standard Lloyd's, an insurance company, had issued to Powell a policy of collision insurance under which that company had agreed that if the said Studebaker automobile should be damaged as a result of collision it would pay all repair costs in excess of $75.00. The repairs which were made necessary by the collision were made at a cost of $165.95 and therefore the insurance company reimbursed Powell in the sum of $90.95 (referred to throughout the record as $98.45), and was subrogated pro tanto to any rights which the said Powell may have had.
Because of the damage to his car, it was necessary that the said Powell use a taxicab to go to and from work while the repairs were being made. Powell and the said insurance company, claiming that the collision resulted solely from negligence on the part of Blanchard, the driver of the taxicab, bring this suit against him *Page 472 
and Independent Cab Operators Association, alleging that the latter is the liability insurance carrier of the owner of the taxicab. They pray for solidary judgment against the two defendants. Powell seeks recovery of $123.00 alleging that he, himself, paid $75 of the repair bill and paid taxicab bills amounting to $48, and Standard Lloyd's, the insurance company, seeks recovery of $98.45, alleging that to be the amount of the repair bill which was paid by it.
Plaintiffs claim that Powell was driving his automobile up Claiborne Avenue and that he had just crossed Carrollton Avenue when he noticed the taxicab which seemed to be moving forward slowly, about 5 or 6 feet from the right hand curb of the street, and that it was just on the outside of another vehicle which was parked at the curb.
Powell says that his car was on the left side of the street near the neutral ground, and that suddenly the taxicab commenced to back diagonally across the street, directly towards his car; that he stopped his automobile and that the taxicab continued this backward motion and crashed into his car, causing the damage for which this suit is brought.
Defendants, on the other hand, claim that the taxicab, operated by Blanchard, had stopped to let off a passenger a short distance above the intersection and that, as there were other vehicles at the curb, the cab was brought to a stop alongside one of these other vehicles and that it was therefore 5 or 6 feet from the curb when it was suddenly run into from the rear by Powell's car.
There was evidence in support of each of these versions of the accident and the judge a quo rendered judgment in favor of plaintiffs as prayed for. Defendants have appealed.
The two versions of the accident are diametrically opposed one to the other and are irreconcilable. Defendants' version would place the two vehicles near the right side of the street with the taxicab standing still and the other vehicle striking it and knocking it forward, whereas plaintiffs' version would place the two vehicles near the left side of the street with the Powell car standing still, and the taxicab backing into it.
[1, 2] We find no physical facts which aid us in reaching a conclusion. While the number of witnesses who support defendants' version is greater than the number of those who corroborate plaintiffs' version, it has often been said that witnesses are to be weighed and not counted. Surely we cannot say here that the judge a quo was manifestly in error in concluding that the true version was that given by plaintiffs and their witnesses.
[3] Counsel for defendants contends that the judge a quo was of the opinion that the taxicab was standing "double-parked" and that it was run into by plaintiff's car, and he states in his argument that the trial judge so stated verbally when he decided the case, and counsel argues from this that the trial judge found the facts in his favor but incorrectly applied the law. There is nothing in the record from which we can conclude just what the trial court found except the judgment itself which is in favor of plaintiffs. In view of the fact that only questions of fact are presented by the pleadings and that the trial court apparently resolved these questions of fact in favor of the plaintiffs, we cannot accept counsel's statement that there was a question of law involved and that the judge decided that question adversely to his clients.
[4] We have checked carefully the figures appearing in the record and cannot reconcile them. Powell claims and testifies that the repair bill amounted to $165.95 and that of this he paid $75 and his insurer paid the balance — the balance would be $90.95 and not $98.45, which is claimed by the other plaintiff, Standard Lloyd's. We think, therefore, that the judgment in so far as it runs in favor of Standard Lloyd's should be reduced to $90.95. However, under the circumstances, the fact that the judgment is reduced on appeal does not entitle defendants to any portion of the costs.
It is therefore ordered, adjudged and decreed that the judgment appealed from, insofar as it runs in favor of Standard Lloyd's, be and it is reduced to $90.95, and as thus reduced it is affirmed; defendants to pay all costs.
Amended and affirmed.
WESTERFIELD, J., takes no part. *Page 473