36 So.2d 111

### ABERCROMBIE v. STATE.
### 6 Div. 438.

Court of Appeals of Alabama.
May 11, 1948.

Rehearing Denied May 25, 1948.

Geo. Rogers, of Birmingham, for appellant.

584

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal follows a conviction of manslaughter in the second degree. The indictment charges murder in the first degree.

Admittedly, the appellant killed Charlie Slaughter by shooting him once with a twelve gauge shotgun.

It appears without conflict that the deceased was a brother of defendant's wife. Just prior to the shooting, Slaughter had struck his sister a rather severe blow. This occurred out of the presence of the appellant, but he was only a short distance away. This fact was promptly made known to him, and he forthwith secured the shotgun and came out into the road or street. His wife appeared in view, and he observed that she was bleeding about the face. Without much delay, the deceased walked up the road in the direction of the two just indicated. The accused called to him three or four times to stop, but the latter did not heed the request or command, and the appellant fired.

The officers arrived before the dead body was removed and found a small stick, about the size of a pocket knife, in the hand of the deceased.

The prime factual issues are apparent.

We will discuss only those questions which appear to us to be meritorious.

■ The State, of course, was priviledged to show the flight of the accused, and in support of this proof it was competent for the officer to testify that he made unsuccessful search for the appellant for several days after the homicide. Koch v. State, 115 Ala. 99, 22 So.2d 471; Sweatt v. State, 156 Ala. 85, 47 So. 194; Starnes v. State, 30 Ala.App. 156, 2 So.2d 333.

■ It was permissible for the State to inquire whether or not the defendant was drinking on the occasion of the homicide. Jones v. State, 22 Ala.App. 141, 113 So. 478; Vintson v. State, 23 Ala.App. 51, 121 So. 698.

Appellant's wife was among the witnesses interrogated on this point. She replied that her husband had not had anything to drink that afternoon. The State then laid an impeachment predicate to her by asking if she did not tell the officer that her husband "had a beer." To which she replied that she did not remember. On redirect examination the appellant's attorney attempted to have the witness relate the content of other parts of the same conversation. This was denied.

If this was the limit of our review we would encounter a difficult task of decision, due to the conflict in the authorities. We will not express our view on the matter. To do so would only be responding to dictum. We cite some cases to illustrate what we have observed. Haley v. State, 63 Ala. 83; Henderson v. State, 70 Ala. 29; Martin v. State, 119 Ala. 1, 25 So. 255; Cathcart v. Webb & Morgan, 144 Ala. 559, 42 So. 25; Richardson v. State, 237 Ala. 11, 186 So. 580; Louisville & N. R. Co. v. Malone, 109 Ala. 509, 20 So. 33; Palmer et al. v. State, 168 Ala. 124, 53 So. 283.

In the case at bar the solicitor did not only interrogate the appellant's wife on the matter we have indicated, but asked her also if she told the officer that the deceased was drinking. To this she replied in the affirmative. The State, therefore, brought

into the evidence a part of the conversation.

The entire questioning relating to the conversation extended further than a simple denial by the witness that she made the statement. We would not be privileged to apply the rule pronounced in the case of Martin v. State, supra, and others which conform to a similar holding.

■ In the light of this situation we are forced to the familiar doctrine which provides that if one of the parties brings into the evidence a part of a conversation the other party should not be deprived of the right of proving the whole or any other portions thereof. Key v. State, 240 Ala. 1, 197 So. 363; Brewer v. State, 209 Ala. 411, 96 So. 198; Winchester v. State, 20 Ala.App. 243, 102 So. 535.

■ We cannot escape the conclusion that error must be here predicated.

Finally we come to consider the written charges which were refused to appellant.

■ Number 2 is a duplicate of given charge 7.

■ A conviction did not depend in any aspect on circumstantial evidence. Charge 4 was, therefore, properly refused. Brown v. State, ante, p. 97, 31 So.2d 670.

We had for review in Bankhead v. State, Ala.App., 32 So.2d 814,[1] an instruction in exact counterpart to charge number 9 in the case at bar. The propriety of its refusal is there illustrated.

Refused charge number 10 was approved by the Supreme Court in the following cases: Kennedy v. State, 140 Ala. 1, 37 So. 90; Snyder v. State, 145 Ala. 33, 40 So. 978; Gaston v. State, 161 Ala. 37, 49 So. 876; Fantroy v. State, 166 Ala. 27, 51 So. 931; Gray v. State, 171 Ala. 37, 55 So. 124.

This court approved the charge in Trammell v. State, 1 Ala.App. 83, 55 So. 431, but disapproved it in Newman v. State, 25 Ala.App. 526, 149 So. 724. It is evident that the holding in the Newman case is out of line with the authorities. In this particular, it is expressly overruled.

It should be noted that the Supreme Court reviewed the instruction in Davis v. State, 188 Ala. 59, 66 So. 67, and justified its refusal for the reason it was abstract as applied to the facts there. In the instant case the evidence did present a situation which made applicable the right of the accused to act upon the reasonable appearance of danger to the life or limb, and this as to himself and his wife.

■ It follows that charges numbered 10 and 15 should have been given.

■ There can be found in our recent cases of Brown v. State, Ala.App., 31 So. 2d 670,[2] and Favors v. State, 32 Ala.App. 139, 22 So.2d 914, a full discussion of the propriety of the refusal of charge 12 under circumstances where the question of freedom from fault is in factual dispute.

Charge 19 presented an inapplicable rule in view of the verdict of the jury.

■ Refused instruction A is incorrectly worded. It is not identical to those approved in Smith v. State, 88 Ala. 73, 7 So. 52, and Jacobs v. State, 29 Ala.App. 388, 197 So. 67. The fault may lie in the inadvertence of the draftsman, but written instructions must be given or refused in the terms in which they are tendered. Title 7, Sec. 273, Code 1940.

Charge B was held to be good in some of the early cases, for example Hale v. State, 122 Ala. 85, 26 So. 236; Fletcher v. State, 132 Ala. 10, 31 So. 561; Leonard v. State, 150 Ala. 89, 43 So. 214; Phillips v. State, 156 Ala. 140, 47 So. 245.

In a more recent case of Burkett v. State, 215 Ala. 453, 111 So. 34, a charge in meaning and effect the same was denounced.

This court has condemned the instruction in many cases. Collins v. State, 14 Ala. App. 54, 70 So. 995; Higdon v. State, 22 Ala.App. 28, 111 So. 757; White v. State, 22 Ala.App. 324, 115 So. 418; Osborn v. State, 30 Ala.App. 386, 6 So.2d 461; Milner v. State, 24 Ala.App. 350, 135 So. 599.

■ The charge is clearly bad because it is not predicated on the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179.

[1] Ante, p. 269.   [2] Ante, p. 97.

▉ Refused instruction C is confusing and misleading. Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885.

▉ A conviction of the accused did not depend upon the testimony of any one witness; therefore charges D and E are abstract and are predicated on a false premise. Gregory v. State, 140 Ala. 16, 37 So. 259; Baxley v. State, 18 Ala.App. 277, 90 So. 434.

The charge was approved in Segars v. State, 86 Ala. 59, 5 So. 558, but it there appears that only one witness testified in behalf of the prosecution.

For errors indicated, it is ordered that the judgment of the court below be reversed and the cause remanded.

Reversed and remanded.