(127 So. 788)

## GIBBS v. STATE.
### 8 Div. 905.

Court of Appeals of Alabama.
March 4, 1930.

Rehearing Denied March 18, 1930.

476

A. H. Carmichael, of Tuscumbia, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J.

The appellant raises many questions by exceptions to evidence and files a brief insisting on a reversal, but no authorities are cited upon any of the points presented. We pass upon these as they appear in appellant's brief.

It was competent for the state to prove when Gadd, a witness for the state, came to where deceased was lying dead from the gunshot wound made by defendant, and a few minutes after the shot, that deceased had nothing in his hand, and that Burnie Burrows, the deceased's son, who was with deceased at the time the shot was fired, had no weapon in his hand, and that, when witness and others took up the body of deceased, a pocket knife fell either from the body or from the pocket of deceased's overalls. The place where deceased fell when he was shot was a part of the res gestæ and everything at the place and connected with homicide or that might tend to shed light on the relationship or acts of the parties at the time of the fatal shot was relevant and admissible.

The evidence for the state tended to prove that Burnie, the deceased's son, was with deceased at the time of the fatal shot, that Burnie was leading or walking with deceased taking him away from defendant, with whom deceased had just been engaged in a quarrel. A description of Burnie therefore and what he had in his hand, if anything, was relevant to the issue as tending to show whether father and son were in good faith attempting to withdraw in order to avoid a combat.

The general character of deceased for peace and quiet was offered in evidence, and several witnesses testified that when deceased was drinking he was a dangerous, bloodthirsty man. It was, therefore, competent for defendant to show that at and prior to the difficulty deceased was under the influence of liquor. This evidence was allowed, but the general reputation of deceased for sobriety was not in issue, and evidence on this question was properly excluded. The

fact that a man has the reputation of being intemperate in his habits is no justification for a homicide or mitigation of punishment for the slayer.

■ On cross-examination of defendant when he was being examined as a witness, the solicitor asked: "As a matter of fact Mr. Gibbs you heard Will Burrows and this woman arguing about these bolsters and you killed Will Burrows because he was arguing with this woman?" The court overruled defendant's objection to this question, and exception was reserved. The witness answered very emphatically that he did not. This, of course, cured any error in the ruling on the question. As to what effect this question had on the jury, if any, we have no means of knowing, but we do know that there was no evidence in the answer that could prejudice the defendant.

■ The court should have allowed Mrs. Burrows, the wife of the dead man, to testify that deceased had been drinking "all night" immediately preceding the morning of the homicide, but in view of the undisputed evidence that deceased was under the influence of whisky when he went into the house where defendant was and within a few minutes before the difficulty, this is not such error as will serve as a predicate for a reversal. Especially is this so, when it appears from the entire record that the defendant has had a fair trial, and that during the trial there was abundant evidence as to the condition of deceased as to sobriety at the time of and just prior to the shooting.

■ Defendant introduced Bob Anderson as a witness. After this witness had testified to the general character of deceased for peace and quiet, defendant asked this witness: "What did you hear Will Burrows did to Borden; what sort of difficulty did you hear he had with Borden?" Did you hear he tried to kill Borden?" These questions might have been allowed on cross-examination by the state to test the estimate of character as fixed by the witness. But, on direct examination they were illegal. Character and reputation are not susceptible of proof by direct acts.

This case has been tried twice before juries of the county in which the crime was committed. Gibbs v. State, 22 Ala. App. 345, 115 So. 693. Full latitude was allowed for the presentation of facts in both trials. Both juries reached the same conclusion as to guilt and the degree of the crime. We can find no error of such a nature that probably affected this verdict to the injury of defendant. This judgment is affirmed. Vintson v. State, ante, p. 51, 121 So. 698.

Affirmed.