[Cathcart v. Webb & Morgan.]

# Cathcart *v.* Webb & Moragn.

## *Assumpsit.*

[DECIDED JUNE 6, 1905.]

1   *Contracts.*—Where the plaintiff shows a valid contract and compliance on his part with the terms thereof, he is entitled to recover in a suit based upon the contract.

2   *Evidence.*—It is improper and error, to allow a witness to testify as to what he said to a third party in reference to matters in controversy.

3   *Same.*—In an action on a contract for the delivery by plaintiff to the defendant of certain logs, evidence that a third person raised certain logs which had sunk in the water, and sold them to the defendant, or evidence corroborative of such fact, is entirely irrelevant to the issues involved, and should be excluded.

APPEAL from Jackson Circuit Court.

Heard before the Hon. A. H. ALSTON.

This action was brought by appellees, Webb & Morgan, against the appellant, John Cathcart; the complaint claimed a sum due the plaintiffs for certain timber sold and delivered the defendant by plaintiffs, and also a sum due for work and labor done by plaintiffs for defendant in rafting and delivering lumber. The evidence for the plaintiffs was to the effect that they had sold and delivered to the defendant certain lumber, at an agreed price, and also had rafted and delivered certain lumber bought by defendant from one D. M. Vaught. The defendant claimed that the lumber, which plaintiffs alleged was bought from Vaught, was sold them by plaintiffs, under a contract to be delivered in a raft at the mouth of South Creek, in good shape to be floated thence to Decatur. Plaintiffs' testimony was to the effect that the lumber, which may be called the Vaught lumber. was rafted by them, under the contract, to the mouth of said creek, and that, arriving there Saturday

evening, the defendant was notified thereof and told that, as the creek was rising rapidly, it would be well to take precautions to prevent the rush of the current from submerging it. That defendant said he would look after it, but on Monday morning following notified plaintiffs that he would not receive the timber, because the raft was not so constructed that it could be floated to Decatur. It was shown without dispute that the raft sank; the plaintiff contending that this was due to lack of precaution by the defendant after delivery, and defendant contending that it was due to the fact that the raft was not properly constructed, according to contract, and had insufficient floats. After submersion, the raft broke apart, and one Wilburn testified against objection that he secured certain logs thereof, and sold them to the defendant. The foregoing is sufficient for an understanding of the opinion.

The defendant excepted to a part of the general charge of the court, which was as follows: "If the defendant bought the logs from the plaintiffs to be delivered at the mouth of the creek, and the plaintiffs did deliver it there in a reasonably good condition and notified defendant at once and the defendant neglected or declined to receive and failed to look after it within a reasonable time and a flood came and damaged the raft, then the loss must fall on the defendant, if you are reasonably satisfied that the damage was caused by defendant's negligence. On written request, the court gave the following charge for the plaintiffs; "If the jury are reasonably satisfied from the evidence that the plaintiffs delivered the logs according to contract, at the place and in the manner agreed on, then their verdict should be for the plaintiffs for whatever the evidence reasonably satisfies the jury the contract price was, with interest thereon from date of delivery." The court refused a written charge to the defendant, numbered and as follows; 3. "The court instructs the jury that if the defendant contracted to purchase from the plaintiffs the timber on the Vaught land at a stated price and the floats sufficient to raft with the oak timber at stated price, all to be rafted and delivered to the defendant in raft at the mouth of South Santa Creek, and that the

defendant refused to receive said raft when offered to him at the mouth of said creek, then the plaintiffs cannot recover in this suit for the logs in the raft, nor for rafting them, whether said raft was properly constructed or not." There was verdict and judgment for plaintiffs, and defendant appeals.

VIRGIL BOULDIN, for appellant.

·J. E. BROWN and MILO MOODY, for appellee.

SIMPSON, J.—This was an action by appellee against appellant for timber and for labor in rafting timber, etc., and the principle matter in controversy is as to what the real agreement between the parties was; the plaintiffs claiming that defendant had purchased certain logs in a raft from one Vaught, and had employed plaintiffs to raft them to the mouth of South creek on the Tennessee river; and the defendant contending that he purchased the logs from plaintiffs, and that they were to be delivered in a raft at the mouth of said creek "In good shape for floating."

Taking up the assignments of error in the order presented by appellants brief: Charge 3, requested by defendant, was properly refused. If the defendant purchased from the plaintiffs the timber, to be delivered in a raft at the mouth of the creek, when the plaintiffs delivered the raft there in accordance with the contract, (if they did so) this performance constituted a binding, executed contract, on which plaintiffs were entitled to recover.—*American Oak Extract Co. v. Ryan*, 104 Ala. 267; *Nichols v. Moore*, 100 Mass. 523; *Schneider v. O. P. R. R. Co.*, 20 Oregon 172; *Barton v. McKelway*, 22 N. J. L. 165;

And, consequently, the court did not err in giving charge No. 1 on request of the plaintiff, nor in the oral charge numbered one, excepted to by defendant.

The court erred in permitting the witness, Morgan, to be asked what he said to Wilburn.—*Martin v. State*, 119 Ala. 1.

[Haas & Co. v. Citizens Bank of Dyersburg.]

The testimony of the witness, Wilburn, as to his raising some of the logs, some time after they had sunk, and selling them to the defendant, should have been excluded, on the motion of defendant, as that was entirely irrelevant to the issue involved in this case.

The objection of defendant to the testimony of the witness, Black, in regard to his assisting Wilburn to raise the logs and take them to Decatur, should have been sustained, as that matter was totally irrelevant to the issues involved in this case.

For the errors specified, the judgment of the court is reversed and the cause remanded.

McCLELLAN, C. J., TYSON and ANDERSON, JJ., concurring.