# Harris *v.* State.

## *Robbery.*

[DECIDED APRIL 5, 1906, 40 So. REP. 571.]

1. *Jury; Venire; Motion to Quash; Sufficiency.*—That a juror on the regular venire, who was drawn but not summoned, was not upon the. venire served upon the defendant, who was arraigned and whose trial was set down for the week following, is not good grounds for quashing the venire. Under § 5005 Code 1896, a juror drawn, but not summoned, for such subsequent week is not properly placed upon the venire to be served on the defendant.

2. *Robbery; Instructions.*—An instruction requiring an acquittal of the defendant unless the jury believe that he got some of the money of prosecutor is properly refused, where the indictment charges the taking of certain sum of money and a pocket book of given value.

APPEAL from Colbert Circuit Court.

Heard before the Hon. E. B. ALMON.

The defendant was indicted for robbery of a large sum of money and a pocket book of the value of fifty cents. The first count describes the money by pieces, and the second count says the number and denominations of the money was unknown to the grand jury, but each count describes and gives the value of the pocket book. The defendant was convicted and sentenced to twenty-three years in the penitentiary. The defendant requested the following charges, which were refused. 1. That if the defendant did not get any of the money of William Thomas Willingham, they cannot find him guilty of robbery. Charge 2. Even if the jury believe beyond a reasonable doubt that the defendant made the assault on Willingham with a rock and the brick, if he got no money of Willingham, that the offense would not be robbery, but at the most an assault with intent to rob.

W. P. and W. L. CHITWOOD, for Appellant.—The court erred in refusing to give charge 1 requested by the de-

fendant.—21 Am. & Eng. Ency. of Law (1st Ed) p. 416; *James v. State,* 53 Ala. 481; *Thomas v. State,* 91 Ala. 34; 1 Mayfield's Dig. Sec. 11, p. 791. The court erred in refusing to give charge 2. Authorities supra. The corpus delicti was not shown. This being true, confessions alone will not authorize a conviction.—*Harden v. State,* 109 Ala. 50; *Cottingham v. State,* 115 Ala. 690; Mayfield's Dig. Vol. 1 p. 206.

MASSEY WILSON, Atty. Gen., for State.—Motion to quash venire was properly overruled.—Code 1896, Sec. 5005; *Johnson v. State,* 133 Ala. 38. Counsel for appellant are mistaken in the statement that the confession was permitted to be introduced before the corpus delicti was proven. The prosecutor had testified, and if the jury believed his evidence, the crime was proven.—*Plant v. State,* 140 Ala. 52. Both of the charges which were asked by the defendant and refused by the court, were faulty in limiting the guilt of the defendant to the taking of the money. The indictment charged and the proof showed the taking of a pocket book of the value of fifty cents.—*Thompson v. State,* 106 Ala. 57; *Brown v. State,* 120 Ala. 342; *Jackson v. State,* 69 Ala. 249; *James v. State,* 53 Ala. 380.

SIMPSON, J.—The appellant (defendant) was convicted of the crime of robbery, and his punishment fixed at 23 years in the penitentiary.

There was no error in the action of the court in overruling the motion to quash the venire on the ground that one "J. H. Vest, one of the jurors for the regular panel of the week, was not on the list of jurors served on the defendant." It is shown that said juror, though on the list of the panel for the week, was drawn, but not summoned. Section 5005 of the Code of 1896 provides that "the special jurors so drawn, together with the jurors drawn and summoned for such subsequent week, shall constitute such venire."

There was no error in the refusal of the court to give charges 1 and 2, requested by the defendant. Both counts of the indictment charge the taking, not only of the money, but of one pocketbook, valued at 50 cents

[Lucas v. State.]

*Thompson v. State,* 106 Ala. 68, headnote 7, 17 South. 512.

There was no error in admitting the testimony of the several witnesses as to what was said by the defendant. Even if the statements could be construed as in the nature of a confession, the evidence was clear that they were made voluntarily. *Plant v. State,* 140 Ala. 53, 57, 37 South. 159. The question of proof of the corpus delicti was for the jury, under the evidence. The court cannot say that it was not proved.

The judgment of the court is affirmed.

WEAKLY, C. J., and TYSON and ANDERSON, JJ., concur.