# J. T. McTeer Clothing Company *v.* T. L. Farrow Mercantile Co.

## *Assumpsit.*

(Decided May 22, 1913.　62 South. 378.)

1. *Sales; Approval; Right of Buyer.*—Goods bought on approval gives to the buyer the privilege of returning all or any part of the goods after receiving and inspecting them.

2. *Same.*—Where goods are sold and delivered, but the buyer reserves the right to reject or return, the title passing to him is divested by the exercise of his option within a reasonable time.

3. *Same.*—Where a buyer who had reserved the right to inspect and return the goods to the seller by a carrier, inspected the goods on their arrival, and then within a reasonable time delivered them to the carrier, properly boxed and marked for shipment to the seller, the buyer was not required to show an acceptance by the carrier, or procure a bill of lading in the seller's name.

4. *Same; Delivery to Carrier; Effect.*—A delivery to a particular carrier designated by the seller of goods who has ordered the goods to be reshipped to him, is a delivery to the seller, as the carrier is his agent to receive them.

[J. T. McTeer Clothing Company v. T. L. Farrow Mercantile Co.]

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by the J. T. McTeer Clothing Company against the T. L. Farrow Mercantile Company. Judgment for defendant and plaintiff appeals. Affirmed.

STREET & ISBELL, for appellant. Under the undisputed facts appellees did not perform their duty to appellants so as to entitle them to credit, as he should have procured a bill of lading, or notified the appellant within a reasonable time of the fact that they had been deposited for shipment.—*Roach v. Warren,* 151 Ala. 302; 22 L. R. A. 423; 40 L. R. A. 534. The burden was on appellee to show procurement of a bill of lading in the name of appellant, or in its name, and that it had been assigned to appellant.—*McCormick v. Joseph,* 77 Ala. 236; 35 Cyc. 195, 317 24 A. & E. Enc. of Law, 1071.

JOHN A. LUSK & SON, for appellee. Plaintiff had no right to demand payment unless the goods were satisfactory to defendant.—3 Paige on Contracts, sec. 1390. Under the contract no other shipment was necessary than a delivery to the carrier designated, and no other notice need be given.—*Sanford v. Howard,* 29 Ala. 684; *Authman v. Nilson,* 112 Ia. 634. The return to the carrier was a return to the plaintiff.—89 Ia. 525.

PELHAM, J.—The only assignment of error is based on the court's giving the general charge at the request of the defendant, and the only question presented, as we see it, is whether or not an actual or constructive delivery was made to the appellant of the goods not accepted and undertaken to be returned by the appellee.

The evidence is without conflict that the goods for which suit was brought by the appellant against appel-

lee to recover payment were purchased under a contract or agreement by which the appellant shipped the goods by railroad from its establishment in Knoxville, Tenn., to the appellee at Guntersville, Ala., on approval. That is, the appellee, under the terms of the contract, had the privilege of returning all or any part of the goods after they were received and inspected by it, and the goods for the price of which recovery is sought represent that part of the shipment which the defendant did not accept and retain, but which it refused and placed in the freight depot at Guntersville, Ala., within 24 hours after it had received them, for reshipment to the plaintiff.

When goods are sold and delivered and the vendee reserves the right to reject or return, the title that passes into him is divested by the exercise of this option expressed within a reasonable time.—*Allen, Bethune & Co. v. Maury & Co.*, 66 Ala. 10, 17.

It appears from the evidence set out in the record that the railroad company did not ship the goods placed in its custody by the appellee to the appellant for several months, and that they were practically destroyed or greatly damaged through the depredations of mice when tendered to the appellant in Knoxville, and appellant refused to receive them and brought this suit against appellee to recover the purchase price under the contract of sale.

The traveling salesman of the plaintiff who made the contract for the sale of the goods to the defendant was not examined as a witness, and one of the members of the defendant's company who represented the defendant in making the purchase was the only witness who testified with reference to the contract providing for a purchase and sale of the goods, and he testified that the agreement was that, after inspecting the goods upon their arrival at its store in Guntersville, the defendant

had the privilege and right to return that part of the shipment which they did not want, by putting it back in the depot at Guntersville, and that this was done by sending the goods defendant did not want to keep to the depot by the drayman within about 24 hours after having received them. The drayman testified that he carried the box of goods to the depot and delivered it to the agent; that the box was "tagged" or addressed to the McTeer Clothing Company at Knoxville, Tenn ; that he told the agent what to do with it—to ship it to the party to whom it was marked, or to give him (the drayman) a bill of lading—that he did not remember whether or not he got a bill of lading. This evidence in behalf of the defendant as to the terms of the contract of purchase and the place of delivery of the goods rejected under the right reserved by contract was uncontradicted. It supported in its entirety and without contradiction the issues tendered as set up by the defendant's plea No. 4 as a defense to the action, and the court properly gave the general charge in behalf of the defendant. The defendant showed (and this evidence was without contradiction) a delivery at the place agreed upon under the terms of the special contract, and it was not necessary to show an acceptance.—*Cathcart v. Webb & Morgan,* 144 Ala. 559, 42 South. 25.

As a general proposition, a delivery to the particular carrier designated by the person who has ordered goods shipped to him is a delivery to that person, for the common carrier is constituted the agent of the consignee to receive them.—*McCormick v. Joseph,* 77 Ala. 236; *A. G. S. R. R. Co. v. Mt. Vernon Co.,* 84 Ala. 173, 4 South. 356. . In this case the uncontradicted evidence showed that the defendant delivered the goods for carriage, properly boxed and marked for shipment, to the particular carrier designated by the plaintiff, the party to whom the

goods were to be shipped, within a reasonable time, and under the terms of the special contract this common carrier was constituted the agent of the consignee to receive them, and it could then make no difference that the defendant did not take a bill of lading for the goods in the name of the consignee.

The assignment of error is not well taken, and an affirmance must follow.

Affirmed.