186 So. 580

### RICHARDSON v. STATE.

#### 6 Div. 399.

Supreme Court of Alabama.

Dec. 15, 1938.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the motion.

Bealle & Mize, of Tuscaloosa, opposed.

BROWN, Justice.

We do not construe the opinion of the Court of Appeals as resting a reversal of the judgment of the Circuit Court on the ground of a variance between the averments of the indictment and the proof, though it is observed therein: "There was a variance as to the description of the money in the indictment and in the testimony given by Richburg on the stand." Nor do we understand from the opinion that any such point was made on the trial.

Assuming that there was such variance, it was immaterial and not fatal to a conviction of the offense of assault with intent to rob, the offense of which defendant was convicted. Davis v. State, 3 Ala.App. 71, 57 So. 493; Harris v. State, 144 Ala. 61, 40 So. 571; Martin v. State, 125 Ala. 64, 28 So. 92.

The sole point on which the case was reversed is that the court allowed the solicitor on re-examination of the State's witness to inquire fully into a transaction, a part of which was brought out by the defendant on cross-examination—the effort

12

of defendant's mother to get the State's witness to withdraw the charge on repayment to him of the money alleged to have been taken from him by the defendant.

■ The Court of Appeals states the applicable rule too narrowly. The rule is, if on cross-examination of a witness the party brings out a part of a *transaction* or conversation, the other party may inquire fully into the transaction or bring out the whole conversation on re-examination. Gibson v. State, 91 Ala. 64, 69, 9 So. 171; Lanier v. Branch Bank at Montgomery, 18 Ala. 625; Ford v. Bradford, 218 Ala. 62, 117 So. 429; Catts v. Phillips, 217 Ala. 488, 117 So. 34.

And it has been ruled here that: "Where prosecutrix was asked on cross-examination whether she had not made a certain statement to a third person, to which she replied that she had not, it·was proper to permit her to state on redirect examination what it was she told such person." 12 Enc.Dig.Ala.Rp. 1239, § 208 (3); Bracken v. State, 111 Ala. 68, 20 So. 636, 56 Am.St. Rep. 23; Louisville & Nashville Railroad Co. v. Malone, 109 Ala. 509, 20 So. 33.

■ The defendant had, on cross-examination of the prosecuting witness as appears from the opinion of the Court of Appeals, attempted to show a transaction with defendant's mother, which reflected on his credibility and good faith, and the State had the right to bring out the whole transaction on his redirect examination. Palmer et al. v. State, 168 Ala. 124, 53 So. 283; Winchester v. State, 20 Ala. App. 243, 102 So. 535.

The judgment here is that the predicate disclosed by the opinion of the Court of Appeals was sufficient to justify the ruling of the trial court, and that the Court of Appeals erred in reversing the judgment of conviction, from which the defendant appealed to that court, on the stated ground. The judgment of the Court of Appeals is reversed and the cause is remanded to that court for·further consideration.

· Certiorari granted.

Reversed and remanded. .

ANDERSON, C. J., and GARDNER, THOMAS, FOSTER, and KNIGHT, JJ., concur.

BOULDIN, Justice (dissenting).

It appears to me the opinion of the majority both misconstrues the holding of the Court of Appeals and misapplies the rule in the premises.

The defendant had merely sought to impeach the state witness by proving declarations out of court to a third person at variance with his. testimony in court. A predicate for such testimony called for time and place, and the person to whom the reputed declarations were made.

On redirect examination the state was permitted to show what the third party on the alleged occasion said to him, a statement coming from the mother of defendant in his answer, tending to admit guilt. If defendant had called for any statements by the mother on the occasion, this would have opened 'up the entire statement made at the same time on that subject.

But to seize ·upon the predicate for impeaching declarations by· the witness to open the door to declarations by a third person, not at all inquired about by defendant, is such an.obvious and dangerous misapplication of the rule that one who has drawn out part of a conversation opens up the whole, that I feel impelled to record a dissent.

Moreover, the majority opinion seems to overlook the following announcements of the Court of Appeals:

"As to the latter conversation Richburg testified: 'Eventually it rocked on and one Saturday she come over there, and she said as soon as she got hold of some money she would pay it, and that was two or three months ago. That was about all of the conversation.' ·

" * * * * * * *

"As to the second conversation above referred to there *was no semblance of inquiry by defendant on* cross-examination of Richburg." (Italics supplied.)

To avoid confusion in the law I further observe: The better rule is that where a witness is asked touching a certain declaration out of court for purposes of impeachment, and he makes a simple denial, the opposing party is not entitled to inquire what he did say on the occasion until and unless the impeaching party has offered testimony that the witness· did make such declaration. The witness, in the latter event, is entitled to tell what he did say in rebuttal or explanation of the impeaching evidence.

Martin v. State, 119 Ala. 1, 25 So. 255; Cathcart v. Webb & Morgan, 144 Ala. 559, 42 So. 25; 1 Greenleaf on Evidence, § 467; Sandlin v. State, 25 Ala.App. 311, 146 So. 82.