263 So.2d 708

Bobby J. LEACH, alias

v.

STATE.

2 Div. 64.

Court of Criminal Appeals of Alabama.

June 13, 1972.

Charles H. Sims, III, Selma, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

CATES, Judge.

ROBBERY: sentence, twenty years.

The appellant and another—the verdict says—on February 27, 1970, held up the manager of the B & P Super Market, Inc. They took at least $4,500 in money and more in face value of checks.

The indictment only mentioned the money. One of the witnesses "estimated" that there may have been as much as $6,000 cash actually taken.

I

This difference was not a fatal variance. By the very definition of common law robbery, once the prosecution has adduced proof of *some* value in the thing taken, then that aspect of the case is made out for submission to the jury.

In the much publicized death case of Wilson v. State, 268 Ala. 86, 105 So.2d 66, we find:

"The indictment charges that '* * * Jimmy Wilson, * * * took three fifty cent coins and one twenty-five cent coin and twenty one cent coins, lawful coins of the United States of America of the value of one dollar and ninety-five cents * * *.' The proof shows that the prosecutrix poured out of her pocketbook $2.95 or $3.95 onto the bed and that the defendant then took most of the money which she had poured out.

"It is argued that there is a variance in the amount of money alleged in the indictment to have been taken and the amount shown by the evidence on the trial. Assuming that the testimony as to the amount of money taken is not in accordance with the allegations of the indictment, such a variance has been held not to be fatal. Richardson v. State, 237 Ala. 11, 186 So. 580."

The in-court identifications made by the State's witnesses were positive. We find no impermissibly suggestive use of photographs as discussed in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247.

We have scrutinized the whole record under Code 1940, T. 15, § 389 and consider that the judgment below is due to be

Affirmed.

All the Judges concur.