313 So.2d 555

**Lewis Edward LESLIE, alias**

**v.**

**STATE.**

**5 Div. 281.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 27, 1975.

William J. Baxley, Atty. Gen. and J. Brent Thornley, Asst. Atty. Gen., for the State, appellee.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for robbery, tried therefor before a jury on his plea of not guilty, and convicted with punishment at thirty years imprisonment. The court entered judgment according to the jury's verdict. Defendant here appeals with court-appointed counsel for that he was an indigent here, as well as at nisi prius where he was represented by the same attorney as here.

Guy F. Gunter, III, Opelika, for appellant.

The victim of the alleged robbery was Willie W. Green. He was approached outside his filling station by appellant and told by him that he wanted to purchase a pack of cigarettes. Mr. Green, followed closely by appellant, unlocked the station. As he neared the cigarette counter, the potential customer produced a pistol, placed the barrel to Mr. Green's neck, and demanded his money. Mr. Green promptly acceded to the demand. During this time, a second black entered the building.

The first black, who produced the pistol and made the demand, ordered the second black to hold the pistol on Green until he could get the car started, the car being parked behind the service station. As the car pulled away, Mr. Green noticed that both seats were "full of men." Green came "right back" and called the police. He had noted that the car bore a Dekalb County, Georgia, tag.

The police, in a few minutes, stopped the car, meeting the description given by Green. They arrested all the occupants. Defendant was one of the occupants. The arresting officers removed from the car a gray metal box, a change tray, a twelve-gauge sawed-off shotgun, a nickel-plated 32 caliber pistol, and a 410 gauge shotgun. All of these weapons, after proper identification, were properly admitted into evidence over defendant's objection.

We note here that Green testified he saw only a pistol on defendant, and that the second black did not have a gun.

Appellant here contends that the extra weapons, namely, the two shotguns in the car, were of no probative value, and served only to inflame the minds of the jury; that the court committed prejudicial error in overruling defendant's objections to the admission of these two shotguns.

■ We cannot agree with this contention. The officers stopped the car, and made the search, only a few minutes after the robbery. As we have already noted, Green testified that he saw several persons in the car as it was driven off.

It appears to us that the presence in the car of others when it was driven off, bearing the defendant and his companion, and the presence of the others in the car when it was stopped only a few minutes later, supports an inference that the occupants were engaged in a joint criminal venture, and that the State was entitled to introduce into evidence the weapons as a part of the equipment for the venture. United States v. Trantham, 145 U.S.App.D.C. 113, 448 F.2d 1036; Bayless v. United States, 9 Cir., 200 F.2d 113, cert. denied 345 U.S. 929, 73 S.Ct. 788, 97 L.Ed. 1359.

We think the weapons introduced in evidence were sufficiently identified by competent evidence as the weapons taken from the car occupied by the persons fleeing from the scene. We see no useful purpose to be served by prolonging this opinion with further discussion along this line.

Suffice it to say that defendant was given a trial free of error, and he was ably represented by competent counsel, free of expense to him.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.

## ON REHEARING

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

I

Appellant again contends that the weapons or guns found in the get-away car, which Officer Weaver stopped, were inadmissible; that their admission had no pro-

bative value and served to inflame the minds of the jury to appellant's prejudice.

Again we are not in accord. The evidence affords an inference that the guns were in the get-away car at the time of the robbery, and were of such character as could be used in perpetrating a robbery as here effected. They were a part of the res gestae, and admissible. They were available for use in consummating the robbery if needed.

## II

The evidence of Willie W. Green, the victim, shows that he went to the police station, and there saw the metal cash box which the robbers took from him; the box was sitting on a table (Tr. 24).

Officer Weaver testified that he found in the get-away car he stopped (Tr. 41) a gray metal box, with money in it (Tr. 42), which he turned over to Lt. Abbott (Tr. 44).

Officer Abbott testified (Tr. 48) that he received from Officer Weaver a gray metal cash box and tray, and that he kept it locked in the evidence room except when he took it out and showed it to Mr. Green; that Mr. Green identified the cash box and tray as being the one taken from the Crown Petroleum Station. The officer produced the cash box under discussion after testifying that he brought it with him.

Prior to the colloquy quoted in appellant's brief, and appearing at page 49 of the transcript, it will be observed that the cash box had been properly identified, and to which there was no objection.

The asserted hearsay colloquy, contended as error, was without injury to appellant. This quoted colloquy was just surplusage to identification already made.

Opinion extended, application for rehearing overruled.