313 So.2d 558

**Alfred LEWIS, alias**

v.

**STATE.**

**5 Div. 274.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Walker, Hill, Gullage, Adams & Um-
bach, and W. Banks Herndon, Opelika, for
appellant.

William J. Baxley, Atty. Gen., and Rosa
G. Hamlett, Asst. Atty. Gen., for the State,
appellee.

BOWEN W. SIMMONS, Supernumer-
ary Circuit Judge.

This is an indigent appeal from a jury
verdict and judgment of guilty as charged
in an indictment for robbery, and a sen-
tence of twelve years in the penitentiary.
It is a companion case of one here released
on the 22nd day of April 1975, 55 Ala.App.
128, 313 So.2d 555, wherein Lewis Edward
Leslie appealed from a conviction of rob-
bery growing out of the same circum-
stances here involved.

It appears from the evidence that one
black accosted and by violence took a sum
of money from the person of Willie W.
Green, the property of Crown Central Pe-
troleum Corporation.

While the alleged robbery was in prog-
ress, another black entered the building
and participated in the alleged robbery.
Both blacks fled and escaped in an auto-
mobile that awaited them outside the build-
ing where the robbery occurred.

The victim of the robbery immediately
telephoned the police department from
which an alarm was given by radio to po-
lice on patrol. Two officers within eigh-
teen minutes after this and within four
minutes after receiving the radio alarm

stopped an automobile meeting the description they heard over the police radio in their patrol car.

Appellant was in this automobile along with other blacks, including the two who allegedly pulled the robbery by use of a pistol and threats of violence.

The victim of the robbery testified that immediately after the two blacks left the building, he immediately ran out and observed the fleeing automobile was occupied by five people.

This witness, Mr. Willie W. Green, identified their escape car as the same automobile that had frequented his station several times in prior weeks. Each time the five men would arrive between midnight and came in an automobile with a DeKalb, Georgia, license tag that was bent. Two of the occupants would get out of the car, buy one dollar's worth of gasoline, one would go in the restroom, and appellant, also a member of that group, would look around. On each prior occasion of the car arriving at the service station, the appellant was observed with a group of five men. The automobile which the victim Green observed leaving the filling station immediately after the robbery, he also identified as the same car which had frequented the station on the prior occasions.

The evidence further shows that the patrol officers found in the occupied automobile they stopped the following: a gray metal cash box with black change tray containing monies that was identified as the box that the robbers took from witness Green; a loaded pistol; a loaded 410 bolt-action shotgun, and a sawed-off twelve-gauge shotgun. We add here that some 410 shells were found on appellant's person when he was searched.

At the close of the State's evidence, defendant moved to exclude all the evidence. The court overruled the motion.

Defendant did not take the stand, but one witness, Elder James Knight, his half-brother, who also was in the stopped automobile, testified as a witness for the defendant. This witness testified that appellant was in the front seat of the automobile, between him and another, when the police officers stopped the car. He contended appellant was asleep. The witness also asserted that appellant never went to Crown Petroleum Station on the night of September 3, 1974, the date of the robbery. He further stated that appellant was with him all the time. The witness also testified that one Eddie James Lewis pulled the metal box out of his shirt and put it in the car.

The question is whether or not appellant was an accessory in the robbery as that term is defined in Title 14, § 14, Code of Alabama 1940, Recompiled 1958.

In Lee v. State, 51 Ala.App. 332, 285 So.2d 495, we cited Jones v. State, 174 Ala. 53, 57 So. 31, wherein our Supreme Court quoted with approval a pronouncement in Morris v. State, 146 Ala. 66, 41 So. 274, 280, as follows:

"When by prearrangement, or on the spur of the moment, 'two or more persons enter upon a common enterprise or adventure, and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist, the active perpetrator in the commission of the offense, is a guilty participant, and, in the eye of the law, is equally guilty with the one who does the act. Such community of purpose, or conspiracy, need not be proved by positive testimony. It rarely is so proved. The jury are to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case.' "

The Supreme Court in the *Jones* case, supra, further observed:

"Aid and abet 'comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. If encouragement be given to commit the felony, or if, giving due weight to all the testimony, the jury are convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, then that ingredient of the offense is made out.' Raiford's Case [Raiford v. State], 59 Ala. 106; Tally's Case, 102 Ala. [25] 65 et seq., 15 So. 722."

We note that our Supreme Court denied certiorari in Lee v. State, supra.

■ We think the evidence in the instant case, some details of which we have omitted, fully presented a jury question as to the accessorial participation of appellant in the robbery as alleged in the indictment.

Appellant contends that the trial court erred in admitting, over his timely objection, the testimony of Mr. Bobby Wayne Green, a witness for the State. This witness was the owner of the business and not the personal victim of the robbery—a different Mr. Green. The following question was propounded by the State:

"Q. All right. When you got back to Opelika, did you have a chance or state whether or not you examined your business records relating to the amount of money that should have been on hand in the Crown Central Station?

"A. Yes, sir, I started to checking up to see how much it was short.

"Q. And how much did your computation reveal about the amount of money —"

At this point, defendant's attorney raised an objection on the grounds that oral testimony of the business records should not be allowed, but rather the best evidence rule would require that these records themselves be produced and introduced into evidence. Objection was overruled. The witness answered, ". . . $718.50."

■ Assuming without deciding that the objection was well founded, the ruling of the court was free of injury to defendant. Willie W. Green, the station attendant and custodian of money at the station when the alleged robbery occurred, identified the metal cash box and tray the arresting officers found in the automobile as the one surrendered to the robbers. He also testified that the metal box which the robbers carried away contained money.

Arresting Officer Weaver testified that the metal cash box identified as that taken from the station contained bills and coins; that he turned the cash box and contents over to Lieutenant Abbett.

Officer Abbett testified that the cash box contained a large amount of currency and change in a large amount; that it was lawful paper currency; that he turned it over to Bobby Green. Mr. Bobby Green testified that the Opelika Police Department returned at least four hundred dollars, more specifically, approximately $489.00 in cash and coins.

■ The testimony of Bobby Green as to what the audit of his books showed with respect to the amount of money that was taken is immaterial and without injury to the defendant. The testimony of Officer Abbett and of Bobby Green with reference to the money in the metal box, and of Bobby Green as to the amount he received from the police department, was sufficient to sustain the allegations to the indictment with respect to the money. In a robbery prosecution, the amount of the money is immaterial. Wilson v. State, 268 Ala. 86, 105 So.2d 66(3); Richardson v. State, 237 Ala. 11, 186 So. 580(1).

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.